HEARD APRIL TERM, 1878.

CASE No. 624.

NAOMI BOUKNIGHT ET AL. v. ELIZABETH EPTING ET AL.

1. E. E., in 1832, and after her marriage, acquired by purchase a tract of land; afterwards her husband contracted debts which fell due in 1859, upon which a judgment was obtained against him in 1869. *Held*, that Section 8, Article XIV., of the state constitution of 1868, was not intended to act retrospectively upon the rights of the husband in such land, and that his interest therein might be sold under such judgment.

2. Were such intention manifest, a construction to that effect could not be given, as it would violate that provision of the constitution of the United States which forbids a state from passing any law impairing the obligation of a contract, inasmuch as the husband, prior to the adoption of the constitution of 1868, had a vested interest in the lands of which his wife was seized during coverture.

3. Where a deed is made in consideration of money paid by J. C., and conveys lands to "J. C. for his daughter E., wife of G. E.," to have and to hold, &c., "unto said E. E., her heirs and assigns forever," the use is executed, and the legal estate vested in E. E. under the operation of the statute of uses.

4. The terms of such deed are not sufficient to create a separate estate in E. E., a married woman.

5. Where a complete legal estate in the wife's lands had become vested in the husband prior to the adoption of the constitution of 1868, such constitution did not operate as a settlement of such lands upon the wife.

6. *Thomas* v. *Sheppard*, 2 *McC. Ch.* 36, approved.

Before COOKE, J., at Lexington, July, 1876.

The facts of the case are fully stated in the opinion of the court.

*Mr. H. A. Meetze,* for appellants.

*Mr. J. M. Baxter,* for respondent.

October 29th, 1878. The opinion of the court was delivered by

McIVER, A. J. This was an action to recover possession of real estate. The plaintiffs claim under a sheriff's title for the land in dispute, sold under an execution against George Epting, the husband of the defendant Elizabeth, issued to enforce a judgment recovered April 12th, 1869, in an action commenced March ·2d, 1868, on two notes under seal, one due November, 1859, and the other due January, 1859. The defence set up by Elizabeth Epting, who is the only real defendant, was a denial of plaintiffs' title, and an allegation " that she is now seized and possessed of said tract of land in fee, and has been so seized and possessed thereof at all times since the 17th day of December, A. D. 1832, under a deed on that day duly and legally executed and delivered to John Chapman, for the defendant, Elizabeth Epting, by Jacob H. King." The terms of this last-mentioned deed, upon which the case will, in large part, depend, were not set out in the " case," but a copy of it has been attached to the " case," of which, it was agreed at the hearing, it should be considered a part. The plaintiffs requested the court to charge the jury " that George Epting, the husband of Elizabeth Epting, had an estate for his life in the lands of his said wife, and that said interest was subject to levy and sale under executions against said George Epting." The Circuit judge refused so to charge, and instructed the jury that the foregoing was " the law of the case prior to the constitution of 1868, but that the right of judgment creditors to levy and sell the real estate of the wife was rendered void by the constitution of 1868 ;" and the jury were directed to find for the defendants, which they did. The plaintiffs duly excepted.

In order to sustain the charge of the Circuit judge it would be necessary to give a retrospective operation to the terms of Sec. 8, Art. XIV., of the constitution, securing to married women property held by them at the time of their marriage, as well as that subsequently acquired. The rule, however, is, " that a constitution should operate prospectively only, unless the words employed show a clear intention that it should have a retrospective effect." *Cooley on Cons. Lim.* 62. In *Potter's Dwarris on Stat.* 654, it is said: " There is a striking analogy, and generally an entire harmony, between the rules of interpretation of constitutions and those of statutes." And at page 162, in note 9, it is said: " The American authorities are quite uniform on the retrospective effect of statutes. The general rule is that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of action or suits, and especially vested rights, unless the intention that it shall so operate is expressly declared, and courts will apply new statutes only to future cases, unless there is something in the very nature of the case or in the language of the new provision which shows that they were intended to have a retrospective operation."

These principles have been fully sustained by our own court in the case of *Ex parte Graham*, 13 *Rich.* 277. The language of Sec. 8, Art. XIV., of the constitution, is as follows: " The real and personal property of a woman, held at the time of her marriage, or that which she may thereafter acquire, either by gift, grant, inheritance, devise or otherwise, shall not be subject to levy and sale for her husband's debts, but shall be held by her as her separate property, and may be bequeathed, devised or alienated by her the same as if she was unmarried; *provided* that no gift or grant from the husband to the wife shall be detrimental to the just claims of his creditors."

It is very manifest that these words of the constitution do not show " a clear intention that it should have a retrospective effect," and it certainly is not " expressly declared " that it shall so operate, nor is there anything " in the nature of the case or in the language " of the constitutional provision which shows that it was intended to have a retrospective operation. We do not

think, therefore, that a retrospective effect can be given to the clause of the constitution now under consideration. But even were we able to give that clause such a construction, the question would still remain whether such a construction would not bring it into conflict with that provision of the constitution of the United States which forbids a state from passing any law impairing the obligation of contracts, because, if it did, then some other construction must necessarily be adopted. There can be no doubt but that prior to the constitution of 1868, a husband did, by virtue of his marriage, acquire an estate in the lands of which his wife was then, or might thereafter become, seized, during the coverture, which was a vested interest and liable to be sold under execution against him. If this be so, it would be difficult to escape the conclusion that any statute or constitutional provision of a state, divesting such vested interest and transferring such estate to another, would be in conflict with the constitution of the United States. This estate in the husband is property, and as much liable to the claims of his creditors as any other property he may have, and any legislation of a state, either by constitution or statute, which undertakes to withdraw such property from the reach of his creditors, would be unconstitutional. *Gunn* v. *Barry*, 15 *Wall.* 610 ; *Cochran* v. *Darcy*, 5 *S. C.* 125. Any estate or interest which the husband, George Epting, may have acquired in the lands of his wife, now in question, was acquired in 1832, when the deed under which the defendants claim was executed, and the subsequent provisions of the constitution of 1868, under any construction which may be given to them, cannot release such estate or interest from the claims of his creditors, who, doubtless, extended credit to him upon the faith of this very interest, the debts upon which the judgment was recovered, under which the land was sold, having been contracted after the interest was acquired and before the adoption of the present constitution. We think, therefore, that plaintiffs' exception was well taken. It is argued, however, that under a proper construction of the deed of 1832, the husband, George Epting, acquired no interest whatever in the land thereby conveyed, but that the title vested in Chapman, for the sole and separate use of Elizabeth, the wife, and therefore never was

liable for the debts of her husband; and that if this be not so, then the wife had an equity to a settlement of the same for her sole and separate use, and that the provisions of the constitution operated as such settlement. These points do not seem to have been raised in the court below, and no instruction was given or asked for on such points, so far as we can discover from the "case" submitted here, though these are the only points made in the brief submitted by the attorney for the respondent.

We might very well, therefore, under the case of *Mowry* v. *Stogner*, 3 *S. C.* 251, decline to enter upon the inquiry as to the proper construction of the deed of 1832, until it had been passed upon in the court below. But as we think this inquiry will be conclusive of the case, we deem it better to enter upon it now, as it may save the delay and expense of another appeal. So much of the language of the deed as is material to the questions involved, is as follows: "I, Jacob H. King, * * * in consideration of the sum of $800, to me paid by John Chapman, * * * have granted, bargained, sold and released unto the said John Chapman, for his daughter Elizabeth, wife of George Epting, a certain tract of land, containing, &c., * * * to have and to hold all and singular the premises before mentioned, unto the said Elizabeth Epting, wife of George Epting, daughter of the above-named John Chapman, her heirs and assigns forever;" with the usual clause warranting the premises to said Elizabeth Epting, her heirs and assigns forever. If we regard this as a deed to John Chapman for the use of Elizabeth Epting rather than as a deed directly to Elizabeth, as to which no question has been raised, though possibly it might have been, the question which we first propose to consider is, whether the statute of uses would not, under the terms of the deed, execute the use and vest the legal estate in Elizabeth. The rule, as we understand it, is that where land is conveyed to one for the use of another, or in trust for the use of another, and the person to whom the conveyance is made, the trustee, has no duties to perform, or where there is nothing for him to do requiring that the legal estate shall remain in him in order to enable him to do what is required, there the statute executes the use and the legal title passes to the person for whose use the grant or conveyance was made. *McNish* v. *Guerard*, 4 *Strob.*

*Eq.* 66, and *Ramsay* v. *Marsh*, 2 *McC.* 252. In this case it is very clear that the supposed trustee had nothing whatever to do, no duty whatever was required of him, for the proper perform-ance of which it was necessary that the legal estate should remain. It cannot be claimed that it was necessary, in order to preserve the separate estate of the wife, for, as we shall see presently, no such estate is provided for by the deed. So that there is nothing in the fact that the conveyance is nominally made to a third person for the use of the wife, which will prevent the marital rights from attaching. The next inquiry is, whether the terms of the deed can be regarded as sufficient to create a separate estate in Mrs. Epting. As Dunkin, Chancellor, says in *Wilson* v. *Bailer*, 3 *Strob. Eq.* 260, in considering this question we must bear in mind "that a separate estate in a married woman is in derogation of the husband's common law right—that it is the creature of the Court of Chancery—and that unless the intention to exclude the husband is clearly expressed, or arises by necessary implication, the marital right is maintained;" and after declaring that "the absolute terms in which the property is given to the wife, or the amplitude of her enjoyment has never been deemed sufficient to create a separate interest in derogation of the com-mon law right," he proceeds to say: "The implication is, how-ever, necessary, when the estate is declared to be for the sole and separate use of the wife, although the words 'independently of her husband,' or 'without the control of her husband,' are not superadded. So if the wife is authorized to give a receipt, or to do any other act which, as a *feme covert*, she would not ordinarily do, there is a necessary implication that her separate existence was recognized, and that, in this matter, she was to act and be treated as a *feme sole*." Now, in the case under consideration, there is no language whatever indicating an intention to exclude the husband, as in *Ellis* v. *Wood*, 9 *Rich. Eq.* 19, and in *Martin* v. *Bell*, 9 *Rich. Eq.* 42. The husband is not even mentioned or alluded to, except as a mode of designating the person to be benefited. Nor is there anything in the deed from which an intention to create a separate estate in the wife can be implied. There is no provision that she is to do anything which, as a *feme covert*, she would not ordinarily do. She is not authorized to

give a receipt for the rents and profits of the land, as in *Charles* v. *Coker*, 2 *S. C.* 122. The land is not even given to her "for her own use and benefit," which, in some of the cases, it has been held was not sufficient to imply a separate estate; but it is simply granted "to John Chapman, for his daughter Elizabeth." The case cannot be brought within either of the three classes mentioned in *Nix* v. *Bradley*, 6 *Rich. Eq.* 48, as covering the several modes of disposition by which a separate estate may be created in favor of a married woman. We do not think, therefore, that the terms of this deed are sufficient to create a separate estate in the wife. See 2 *Story's Eq. Jur.*, §§ 1382–3, where the cases are collected.

Again, it is argued that even if the estate was vested in Mrs. Epting for her separate use by the deed of 1832, yet she had an equity to a settlement therein, and that the provisions of the constitution of 1868 operated as such settlement. The rule on the subject of the wife's equity to a settlement is that whenever the wife's property is under the jurisdiction of the Court of Chancery, in such a manner that it requires a decree or order of the court to put a party rightfully into possession of it, the court will not deliver it over except upon terms of a settlement being made, unless the wife has been sufficiently provided for out of other property, or unless the wife, upon a private examination, shall waive her right to such settlement. *Murray* v. *Elibank*, 1 *Wh. & Tu. Lead. Cas. in Eq.*, note 384; *Durr* v. *Bowyer*, 2 *McC. Ch.* 372; *Myers* v. *Myers*, *Bail. Eq.* 24; *Yeldell* v. *Quarles*, *Dud. Eq.* 55.

So, if land in which the wife is entitled to a distributive share is sold for partition, as long as the fund remains under the control of the court the wife's equity to a settlement will be recognized and enforced upon a proper application for that purpose, because the officer of the court holding the fund has no right to pay the wife's share to the husband without an order of the court. *Wardlaw* v. *Gray*, 2 *Hill Ch.* 644; *Ex parte Mobley*, 2 *Rich. Eq.* 56; *Hill* v. *Hill*, 1 *Strob. Eq.* 25–6.

But if the wife's property has been actually reduced into possession by the husband, or is not a mere right, or chose in action, but a complete legal estate vested in the husband, the wife's

equity to a settlement cannot be recognized or enforced. *Murray* v. *Elibank, supra* 386; *Thomas* v. *Sheppard,* 2 McC. Ch. 36.

It is true that O'Neall, Judge, does say in *Heath* v. *Heath,* 2 *Hill Ch.* 107, that in *Thomas* v. *Sheppard* "the court upon principles and for reasons which are, to my mind, clearly erroneous, refused to set up the wife's equity, yet recognized and acknowledged the rules which I have already stated." But this was a mere *dictum,* as the question in the two cases was entirely different. For in *Heath* v. *Heath* the wife's interest had never been reduced into possession and was still under the control of the court, while in *Thomas* v. *Sheppard* the property acquired through the wife had been reduced into possession by the husband, and was no longer within the reach of the Court of Chancery.

Judge O'Neall has not undertaken to indicate the grounds upon which he condemns the decision in *Thomas* v. *Sheppard,* and as we are unable to discover any such grounds, but on the contrary regard the decision as in strict conformity to the established principles of law regulating the wife's equity to a settlement, we are quite content to rest this case upon the authority of a decision made by a court consisting of those eminent judges, Nott, Colcock and Johnson.

Our conclusion, therefore, is that George Epting acquired, by virtue of his marriage, a vested legal estate in the land in dispute, which was liable to levy and sale under executions against him, and we see no ground upon which the wife can set up an equity to a settlement therein.

The judgment of the Circuit Court is set aside and a new trial ordered.

Judgment set aside.

WILLARD, C. J., and HASKELL, A. J., concurred.